UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN M. BALLARD

CIVIL ACTION

VERSUS

NO. 16-148-SDD-EWD

DARREL VANNOY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOHN M. BALLARD                                    CIVIL ACTION

VERSUS                                                  NO. 16-148-SDD-EWD

DARREL VANNOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the application of Petitioner John M. Ballard ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  As the application is untimely, the undersigned recommends denial.  There is no need for oral argument or for an evidentiary hearing.

### I.      Procedural History

Petitioner was charged with aggravated rape via grand jury indictment on October 11, 2006.[2]  Thereafter, Petitioner was tried by jury and on October 22, 2009, was found guilty as charged.[3]  On December 10, 2009, Petitioner was sentenced to life in prison to be served without the benefit of probation, parole, or suspension of sentence.[4]  Petitioner filed post-judgment motions and a motion to reconsider sentence, which motions were denied.  Thereafter, Petitioner filed an appeal with the Louisiana Court of Appeal for the First Circuit ("First Circuit"), and on February 14, 2011, the First Circuit affirmed Petitioner's conviction and sentence.[5]  Petitioner then timely sought review with the Louisiana Supreme Court, which denied review on September 23, 2011.[6]

Petitioner filed an application for post-conviction relief in the state trial court on June 11, 2012.  The application was denied by the trial court on December 11, 2013.  Petitioner sought

---

[1] R. Doc. 1.
[2] Trial Record, p. 33.
[3] Trial Record, pp. 25 & 95A.
[4] Trial Record, pp. 537-540
[5] *State v. Ballard*, 2010-1026, 2011 WL 491047 (La. App. 1st Cir. 2/14/11).
[6] *State v. Ballard*, 2011-0447, 69 So. 3d 1154 (La. 9/23/11).

review of this denial with the First Circuit on December 16, 2013, and on April 21, 2014 the First Circuit denied the writ application. Petitioner thereafter timely sought review with the Louisiana Supreme Court, which denied Petitioner's writ application on March 6, 2015.[7]

## II.    Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[8] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[9] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[10]

Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the

---

[7] *State v. Ballard*, 2014-1011, 161 So. 3d 8 (La. 3/6/15). Petitioner's writ application to the Louisiana Supreme Court is not in the record before this Court, but the parties do not dispute that the application was timely filed.
[8] 28 U.S.C. § 2244(d)(1)(A).
[9] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[10] *See id.*

pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[11]  As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period.  To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[12]  A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[13]

Following Petitioner's conviction and sentencing, he timely proceeded through direct appeal to the First Circuit and thereafter to the Louisiana Supreme Court.  The Louisiana Supreme Court denied review of Petitioner's direct appeal on September 23, 2011.  Petitioner then had ninety days from this date to seek review with the United States Supreme Court.  Petitioner did not seek review with the United States Supreme Court, so upon the expiration of the ninety-day period to do so, his judgment became final. Accordingly, the judgment became final on December 22, 2011, and Petitioner's one-year limitations period for filing a federal habeas corpus petition began to run.  Petitioner did not have any collateral review proceedings pending in the state courts until he filed his application for post-conviction relief on June 11, 2012, by which time 171 days had passed that counted towards the one-year limit for filing a federal habeas petition.  Petitioner proceeded through the state courts seeking review of his application for post-conviction relief,

---

[11] 28 U.S.C. § 2244(d)(2).

[12] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[13] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

during which time Petitioner had a properly filed post-conviction proceeding pending in the state courts, so this time did not count toward the passage of the one-year period for filing a federal habeas petition.  However, the Louisiana Supreme Court denied review of Petitioner's writ application regarding his application for post-conviction relief on March 6, 2015, at which time Petitioner ceased to have anything pending before the state courts.  Thus, the time to file a federal habeas petition again began to run on March 7, 2015.[14] Considering that 171 days had already elapsed on the one-year period for Petitioner to file an application for federal habeas corpus relief, Petitioner had another 194 days (365 days minus 171 days) to file his application in federal court.  Accordingly, Petitioner had until September 17, 2015 to file his application for federal habeas corpus relief.

The instant application contains the signature of the Petitioner with the following declaration: " I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on September 14, 2015 (month, date, year)."[15] The application is not stamped "TENDERED FOR FILING" by the U.S. District Court for the Eastern District of Louisiana Deputy Clerk until November 25, 2015.[16] If the September 14, 2015 date of Petitioner's verification is correct, the application is timely.  If, however, a date later than September 17, 2015 applies to Petitioner's filing, his application is untimely.

The courts of this Circuit have long concluded that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates.  Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison

---

[14] Fed. R. Civ. P. 6(a)(1)(A) requires exclusion of the day that triggers the period when calculating time.
[15] R. Doc. 1, p. 15.
[16] R. Doc. 1, p. 1.

4

officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court.[17]   The inherent basis for the rule is a recognition that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his [pleadings] necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities."[18]   The *Cooper* court also recognized that application of the rule allows courts to sidestep such potentially difficult issues as the possible motivation of prison officials to delay or obstruct the filing of inmates' complaints, and "pretermits time-consuming examinations of the circumstances behind any delay."[19]   Pursuant to Rule 3(d) of the Rules Governing Section 2254 and 2255 Cases, however, a prisoner can only benefit from the prison mailbox rule if the prisoner uses the prison mailing system.[20]

Here, Petitioner mailed his application via Priority Mail through the United States Postal Service and did not use the prison mailing system.[21]   Accordingly, Petitioner is not afforded the benefit of the prison mailbox rule, which generally presumes that the date the inmate signed and dated his Complaint is the date he gave it to prison officials for mailing to the courts.[22]

Further the prison mailbox rule only creates a presumption with regard to the filing date in the absence of evidence the contrary.[23]   In this instance, although Petitioner dated his application September 14, 2015, contradictory evidence exists indicating Petitioner mailed the application at

---

[17] *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).
[18] *Cooper*, 70 F.3d at 379, *quoting Houston v. Lack*, 487 U.S. 266, 271-72 (1988).
[19] *Id.*
[20] "If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule."
[21] R. Doc. 1-1, p. 253.
[22] *See Toomer v. Cain*, 09-7446, 2010 WL 4723365, at n. 3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading").
[23] *Id.*

a later date, specifically November 23, 2015.  The postmark date of the envelope for the habeas application is November 23, 2015.[24]  Additionally, the envelope has an expected delivery day of November 25, 2015, which was, in fact, the date the application was marked tendered for filing by the Eastern District of Louisiana.

The United States District Court for the Western District of Louisiana confronted a similar scenario in *United States v. Duran*.[25]  In *Duran*, a federal habeas petitioner signed and verified his habeas motion prior to the expiration of the one-year limitation period provided by 28 U.S.C. § 2255,[26] but the application was not postmarked until after the one-year limitation period expired.[27] The court noted that it is the defendant's burden to make a preliminary showing that he is entitled to the benefit of the prison mailbox rule.[28]  Under both § 2254 and § 2255 timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.[29]

As in *Duran*, Petitioner has not met his preliminary burden.  The date of the postmark is more than two months after the date of his verification.  Further, although Petitioner did verify his signature, the verification does not state that first-class postage has been prepaid, which fails to satisfy the requirement of Rule 3(d) of the Rules Governing Section 2254 and 225 Proceedings in United States District Courts.  Additionally, although the State argues that Petitioner's application is not timely in its Response in Opposition to Petition for Writ of Habeas Corpus,[30] Petitioner

---

[24] R. Doc. 1-1, p. 253.

[25] 16-1643, 2017 WL 1148941 (W.D. La. March 8, 2017).

[26] 28 U.S.C. § 2254 and 28 U.S.C. § 2255 are analogous, and "there is no indication Congress intended federal and state prisoners to be treated differently in habeas proceedings." *U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Accordingly, the court's analysis regarding the mailbox rule with respect to § 2255 is applicable to § 2254.

[27] *Id.* at *1. The application was signed on November 8, 2016 but not postmarked until November 21, 2016.

[28] *Id.* at *2 citing *United States v. Holt*, 650 Fed.Appx. 170, 170 (5th Cir. 2016) *citing Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011); *United States v. Williams*, 492 Fed. Appx. 486, 487 (5th Cir. 2012) *citing Medley, supra*.

[29] *See* Rule 3(d), Rules Governing Section 2254 Proceedings in the United States District Courts and Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts.

[30] R. Doc. 14.

focuses his reply memorandum[31] on the merits of the habeas application and does not address the timeliness arguments.

Under these facts, Petitioner is not entitled to the presumption of the mailbox rule and Petitioner's application for writ of habeas corpus is untimely as a total of 432 days (261 days[32] + 171 days[33]) of untolled time elapsed prior to Petitioner filing his federal application.

Having found the petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[34]  Petitioner has made no such showing in this case.  Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case.  It is the petitioner's burden to demonstrate that equitable tolling is warranted.[35]  The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[36]  The doctrine of

---

[31] R. Doc. 15.
[32] Calculated from March 7, 2015 (date of Louisiana Supreme Court denial of review of application for post-conviction relief) to November 23, 2015 (date of postmark for federal habeas application).
[33] Calculated from December 22, 2011 (date of finality of judgment on direct appeal) until June 11, 2012 (date of the filing of application for post-conviction relief).
[34] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[35] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[36] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).

equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[37]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[38]  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[39]  Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[40]

In the instant matter, Petitioner has not argued he is entitled to equitable tolling and has not pointed to any circumstances that may warrant equitable tolling nor are any such circumstances found in the record.  Accordingly, Petitioner's untimely application for habeas corpus relief should be dismissed.

## III.    Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[41]   Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[42]  A certificate of appealability may issue only if a habeas petitioner

---

[37] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[38] *Pace*, 544 U.S. at 418.
[39] *Id. quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[40] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[41] 28 U.S.C. § 2253(c)(1)(A).
[42] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

has made a substantial showing of the denial of a constitutional right.[43]  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[44]  In the instant case, reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## IV.    Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief[45] be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 1, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] 28 U.S.C. § 2253(c)(2).
[44] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[45] R. Doc. 1.